YEASMEA ANDERSON,

    **Plaintiff,**

v.

UNIVERSAL PROTECTION
SERVICE, LLC

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, YEASMEA ANDERSON, by and through her undersigned counsel and sues the Defendant, UNIVERSAL PROTECTION SERVICE, LLC (hereinafter referred to as "UNIVERSAL" or "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Southern District of Florida, Fort Pierce Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Defendant, UNIVERSAL, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

4. Plaintiff, YEASMEA ANDERSON, is a resident of St. Lucie County, Florida, but worked for Defendant in Fort Pierce, Florida. At all times material, Plaintiff was an employee of Defendant within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the Florida Civil Rights Act, and the Fair Labor Standards Act.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, YEASMEA ANDERSON, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on March 16, 2016. Plaintiff's Charge of Discrimination is attached as **Exhibit A**.

10. On March 6, 2017, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. A copy of the Dismissal and Notice of Rights is attached as **Exhibit B**. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Plaintiff has satisfied all conditions precedent, therefore jurisdiction over this claim is appropriate pursuant to Chapter 760, *Florida Statutes*, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

**FACTUAL ALLEGATIONS**

12. Plaintiff, YEASMEA ANDERSON, is an African-American/black female.

13. On or about September 13, 2013, Plaintiff began her employment with Defendant as a Security Officer. To perform her security work, Plaintiff was stationed at the Meadowoods subdivision in Fort Pierce, Florida.

14. During all times material, Plaintiff was a non-exempt hourly employee.

15. In addition to Plaintiff's regular work schedule, Plaintiff performed work outside of her scheduled shifts, which Defendant had knowledge or should have had knowledge. However, Plaintiff was not compensated for this work time. Stated differently, Plaintiff performed off-the-clock work that Defendant knew or should have known of, but was not compensated. Most, if not all, of the off-the-clock work resulted in hours worked over 40 in a workweek; therefore, Plaintiff was not compensated at a rate of time and one-half her regular rate of pay for all hours worked over 40 in a work week.

16. Plaintiff's supervisor, Greg Domanke (Site Supervisor and Meadowoods), consistently treated Plaintiff differently because of Plaintiff's race and gender.

17. At the beginning of Plaintiff's employment, during training, Domanke said "we don't have room for a girl here."

18. During Plaintiff's employment, Domanke made the comment related not having room for "girls" several times.

19. Domanke made notes about talking to the "black girl" when referring to Plaintiff.

20. In addition to the racial and gender comments, Domanke constantly yelled at Plaintiff and belittled her.

21. Domanke made comments about Plaintiff's race and gender to Meadowoods' Chairman of the Board, Harry Benson. On at least two (2) occasions, Benson complained to Alan Cartledge (Branch Manager) about Domanke's behavior.

22. Several times in late 2013 and 2014, Plaintiff spoke with Rachel Adams (Human Resources) and brought to her attention Plaintiff's concerns regarding the race-based and gender-based discrimination. Despite Plaintiff's complaints, noting was done to stop Domanke's behavior, nor was anything done to assist Plaintiff.

23. In or around February 2015, Plaintiff was briefly moved from the Meadowoods site due to the issues related to Domanke. However, Plaintiff was returned to Meadowoods at a board member's request and after a manager met with Domanke about his behavior.

24. Plaintiff has personal knowledge that one of her co-workers, a black male, complained to Defendant's Human Resources about Domanke's racist behavior. Plaintiff has knowledge that Domanke used the word "nigger" in the black male's presence and made racially insensitive comments after the tragic church shooting in Charleston, South Carolina.

25. Additioanlly, Plaintiff has knowledge that a black male community member at Meadowoods made a complaint about how Domanke treated him

26. Domanke generally gave African-American/black persons a harder time and was rude to them when they would try to enter the Meadowoods community, compared to non-African-American/black individuals.

27. On or about September 18, 2015, Plaintiff was informed by Cartledge that she was terminated from her position with Defendant for "failure to comply with UPS Uniform Policy." Domanke recommended Plaintiff's termination. Plaintiff was surprised at this reason because Plaintiff repeatedly spoke with Anna Tarves and Tiffany (last name unknown) from Defendant's Human Resources about getting replacement pants (Plaintiff's were ripped). Approximately three (3) days before Plaintiff's termination, Domanke told Plaintiff that it was ok to wear her pants with the rip until Plaintiff's replacements pants were delivered.

28. Following Plaintiff's termination, Defendant failed to compensate Plaintiff for her earned and accrued Paid Time Off (PTO), despite Plaintiff's request to Tarves.

29. Plaintiff was replaced by a Caucasian/white female.

30. Plaintiff's co-worker, a white male, consistently slept on the job and was not in uniform, but was not written-up for his infractions.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

31. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

32. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

33. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

34. Plaintiff is covered as an individual under the FLSA because Plaintiff was engaged in interstate commerce as part of her job with Defendant. 29 U.S.C. §207(a)(1).

35. During her employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which she was not compensated at the overtime rate.

36. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

37. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

38. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 *et seq.,* including 29 U.S.C. § 207.

39. Defendant knew or had reason to know that Plaintiff performed work outside of her regular schedule and therefore worked in excess of forty (40) hours per work week.

40. Defendant's violations of the FLSA were knowing, willful, and in reckless disregard of the rights of Plaintiff.

41. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

42. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, YEASMEA ANDERSON, respectfully requests that judgment be entered in her favor against Defendant, UNIVERSAL:

    a. Awarding Plaintiff overtime compensation in the amount due to her for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding prejudgment interest;

    d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Determining that the FLSA was violated and an adjudication on the merits of the case;

    f. Ordering any other further relief the Court deems just and proper.

### COUNT II
### FLORIDA COMMON LAW and
### CHAPTER 448.08, FLORIDA STATUTES (UNPAID WAGES)

44. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

45. Plaintiff has earned unpaid wages, specifically, PTO, which are owed and payable by Defendant pursuant to Florida Common Law and Florida Statute Chapter 448.08.

46. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Chapter 448.08, Florida Statutes.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, respectfully requests that judgment be entered in her favor against Defendant for:

    a. Payment of earned commission/unpaid wages;

    b. Prejudgment interest;

    c. Post judgment interest;

    d. Attorneys' fees and costs;

    e. Such other relief as the Court deems equitable.

## COUNT III
## 42 U.S.C. §1981—DISCRIMINATION

47. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

48. Plaintiff is a member of a protected class under 42 U.S.C. §1981.

49. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race by terminating Plaintiff's employment in violation of 42 U.S.C. §1981.

50. Defendant's decision to terminate Plaintiff was motivated by race-based considerations.

51. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

52. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

53. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## COUNT IV
## 42 U.S.C. §1981 – RETALIATION

54. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

55. Plaintiff suffered adverse employment actions for engaging in protected activity under the 42 U.S.C. §1981. Specifically, Plaintiff made reasonable, good-faith complaints of race discrimination and was terminated from her position with Defendant and denied her earned and accrued PTO.

56. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of 42 U.S.C. §1981.

57. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

58. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

59. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT V
## TITLE VII – RACE/COLOR DISCRIMINATION

60. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

65. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII")

66. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of race/color by terminating Plaintiff's employment with Defendant.

67. Defendant's adverse employment act toward Plaintiff was motivated by race/color-based considerations.

68. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

69. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

70. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT VI
## TITLE VII – RETALIATION

71. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

72. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII"). Specifically, Plaintiff opposed racial/color and sex harassment and discrimination.

73. In retaliation for engaging in protected activity, Plaintiff was terminated from her position with Defendant and was denied her earned and accrued PTO.

74. Stated differently, the adverse employment action suffered by Plaintiff at the hands of Defendant is causally connected to her verbal complaints of discrimination.

75. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Title VII of the Civil Rights Act of 1964.

76. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally-protected rights of Plaintiff.

77. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

a. Back pay and benefits;

b. Prejudgment interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT VII
## FLORIDA CIVIL RIGHTS ACT – RACE/COLOR DISCRIMINATION

78. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

79. Plaintiff is a member of a protected class under Florida Civil Rights Act.

80. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her race/color by terminating Plaintiff's employment in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

81. Defendant's decision to terminate Plaintiff was motivated by race/color-based considerations.

82. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

83. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

84. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT VIII
## FLORIDA CIVIL RIGHTS ACT—RETALIATION

85. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

86. Plaintiff suffered adverse employment actions for engaging in protected activity under the Florida Civil Rights Act. Specifically, Plaintiff made good-faith,

reasonable complaints of harassment and discrimination based on her race/color and sex and was terminated from her position with Defendant and denied her earned and accrued PTO.

87. The aforementioned actions by Defendant constitute retaliation by Defendant in violation of Chapter 760, *Florida Statutes*.

88. Defendant's unlawful and retaliatory employment practices toward Plaintiff were intentional.

89. Defendant's unlawful and retaliatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

90. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e. Punitive damages;

    f. Attorneys' fees and costs;

    g. Injunctive relief; and

    h. For any other relief this Court deems just and equitable.

## COUNT IX
## TITLE VII - SEX DISCRIMINATION

91. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

92. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII")

93. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by terminating Plaintiff's employment.

94. Defendant's adverse employment decision toward Plaintiff was motivated by sex-based considerations.

95. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

96. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

97. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

d. Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

e. Punitive damages;

f. Attorneys' fees and costs;

g. Injunctive relief; and

h. For any other relief this Court deems just and equitable.

## COUNT X
## FLORIDA CIVIL RIGHTS ACT - SEX DISCRIMINATION

98. Plaintiff, YEASMEA ANDERSON, re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through thirty (30).

99. Plaintiff is a member of a protected class under the Florida Civil Rights Act, Chapter 760, *Florida Statutes* ("FCRA").

100. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her sex by failing to promote Plaintiff to an Assistant Manager position, for which she was qualified.

101. Defendant has engaged in a pattern or practice of promoting females less frequently and at a slower rate than similarly-situated males.

102. Defendant's adverse employment decisions toward Plaintiff were motivated by sex-based considerations.

103. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

104. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

105. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, YEASMEA ANDERSON, prays for the following damages against Defendant, UNIVERSAL:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation;

    e.    Punitive damages;

    f.    Attorneys' fees and costs;

    g.    Injunctive relief; and

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

106. Plaintiff, YEASMEA ANDERSON, demands a trial by jury on all issues so triable.

**DATED** this 2nd day of June 2017.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory A. Owens*_____
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
chris@fgbolaw.com

16524 Pointe Village Drive
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*